UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                    -v.-<br><br>LUIS MEJIA,<br><br>                              Defendant. | 13 Cr. 617-1 (KPF)<br>24 Cr. 52-1<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

Defendant Luis Mejia is currently serving concurrent terms of supervised release that were imposed in two separate narcotics cases.  He moves for early termination of his supervised release.  For the reasons set forth in the remainder of this Order, the Court denies his motion.

## BACKGROUND

The first of Mr. Mejia's narcotics cases was docketed in this District as Case No. 13 Cr. 617 and originally presided over by Judge Paul A. Crotty. Ultimately, Mr. Mejia pleaded guilty to conspiring to distribute and to possess with intent to distribute at least 500 grams of cocaine between February and April 2012, in violation of 21 U.S.C. § 846, for which he was sentenced to a term of 45 months of imprisonment followed by three years of supervised release.  (Dkt. #18 (transcript of plea proceeding of October 9, 2013); Dkt. #23 (transcript of sentencing proceeding of March 31, 2014); Dkt. #22 (judgment)).[1]

Mr. Mejia's second criminal prosecution occurred in the District of Puerto Rico, and was docketed there as Case No. 16 Cr. 526.  Mr. Mejia initially moved

---

[1]     References to "Dkt." are to Case No. 13 Cr. 617 in this District; references to "PR Dkt." are to Case No. 16 Cr. 526 in the District of Puerto Rico.

to dismiss the indictment on double jeopardy grounds, but later pleaded guilty to conspiring to distribute and to possess with intent to distribute at least five kilograms of cocaine from Puerto Rico to New York between 2009 and December 2013; the cocaine was transported through the Luis Muñoz Marin International Airport.  (PR Dkt. #91 (motion to dismiss); PR Dkt. #269 (order recommending adoption of guilty plea); PR Dkt. #272 (order adopting guilty plea)).  On November 9, 2018, Mr. Mejia was sentenced in the second case principally to a term of 121 months' imprisonment, which term was ordered to run concurrently with his term of imprisonment in Case No. 13 Cr. 617 and to be followed by a five-year term of supervised release.  (PR Dkt. #378 (judgment)).[2]

On July 7, 2023, Mr. Mejia was released from custody to begin serving his concurrent terms of supervised release.  Given his residence in this District, the presiding judge in the Puerto Rico case endorsed a Transfer of Jurisdiction of that case to this District, where it was assigned Case No. 24 Cr. 52.  (24 Cr. 42 Dkt. #1).  On September 22, 2025, this Court docketed Mr. Mejia's motion for early termination of supervised release.  (Dkt. #43).  In support of his motion, Mr. Mejia cites his rehabilitative steps while incarcerated and his post-release employment history, including his plans to

---

[2]    Concurrency in this instance was achieved by deducting from Mr. Mejia's 121-month sentence the 45 months he had served in Case No. 13 Cr. 617.  (PR Dkt. #913 (First Circuit order remanding case to district court to revise the judgment); PR Dkt. #918 (amended judgment)).

work with an interstate trucking company while obtaining his commercial driver's license ("CDL").  (*Id.*).

On October 23, 2025, the Government filed a letter brief in opposition to Mr. Mejia's request, which brief also reflected the Probation Office's opposition to the application.  (Dkt. #46).  On November 17, 2025, the Court docketed Mr. Mejia's reply submission in further support of his application.  (Dkt. #47).

## APPLICABLE LAW

Section 3583(e)(1) of Title 18 of the United States Code empowers a court to terminate a term of supervised release at any time after the expiration of one year of that term so long as the court determines that such action is warranted by the conduct of the defendant and is in "the interest of justice."  18 U.S.C. § 3583(e)(1); *see also* U.S.S.G. § 5D1.4(b) (policy statement); *United States* v. *Brooks*, 889 F.3d 95, 99 (2d Cir. 2018) (per curiam) (noting that the purpose of supervised release is not punitive but rehabilitative); *see generally Esteras* v. *United States*, 145 S. Ct. 2031 (2025) (discussing factors that courts may consider in imposing, and revoking, a term of supervised release).  A court is required to consider the factors set forth in Sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).  18 U.S.C. § 3583(e).  Put somewhat differently, the court is required to consider the factors in Section 3553(a) that "bear on 'deterrence, public safety, rehabilitation, proportionality, and consistency.'"  *United States* v. *Gonzalez*, No. 94 Cr. 134 (JSR), 2015 WL 4940607, at *1 (S.D.N.Y. Aug. 3, 2015) (quoting *United States* v. *Lussier*, 104 F.3d 32, 35 (2d Cir. 1997)).

"So long as the court, when modifying supervised release conditions, considers the relevant 18 U.S.C. § 3553(a) sentencing factors, there is no additional requirement that it make a finding of new or changed circumstances with respect to the defendant." *United States* v. *Parisi,* 821 F.3d 343, 347 (2d Cir. 2016) (citing *Lussier,* 104 F.3d at 36, among other cases)). "Occasionally, changed circumstances — for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release — will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Lussier,* 104 F.3d at 36.

Amendment 835 to the United States Sentencing Guidelines, effective November 1, 2025, added the following guidance to courts reviewing early termination motions:

> Early Termination. — When determining whether to terminate the remaining term of supervised release under subsection (b), the court may wish to consider such factors as:
>
> (i) any history of court-reported violations over the term of supervision; (ii) the ability of the defendant to lawfully self-manage (*e.g.*, the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);
>
> (iii) the defendant's substantial compliance with all conditions of supervision;
>
> (iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;

4

(v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and

(vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

U.S.S.G. § 5D1.4, comment. n.1(B).

## DISCUSSION

After carefully considering the parties' arguments, the Court declines to terminate Mr. Mejia's supervised release term early. To be sure, Mr. Mejia has complied with the conditions of his supervised release, including maintaining a stable job and residence; he appears to lawfully self-manage; and he is engaging in prosocial activities. However, compliance of this type is expected of everyone on supervision. *See United States* v. *Wheeler*, No. 20 Cr. 492 (GHW), 2023 WL 4561591, at *1 (S.D.N.Y. July 17, 2023) ("Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." (internal quotation marks omitted)); *accord, e.g., United States* v. *Scarpa*, No. 18 Cr. 123 (CBA), 2024 WL 1886681, at *1 (E.D.N.Y. Apr. 30, 2024); *United States* v. *Rosario*, No. 17 Cr. 27 (LTS), 2023 WL 7305260, at *3 (S.D.N.Y. Nov. 6, 2023); *United States* v. *Auerbach*, No. 19 Cr. 607 (PKC), 2023 WL 4600065, at *1-2 (E.D.N.Y. July 18, 2023). In other words, "[c]ompliance with release conditions does not, by itself, provide a basis for early termination of

supervised release." *United States* v. *Guerrero-Fajardo*, No. 23 Cr. 210 (JPC), 2024 WL 3925338, at *2 (S.D.N.Y. Aug. 23, 2024).

Moreover, Mr. Mejia's arguments give short shrift to the seriousness of the underlying criminal conduct.  In two separate plea allocutions, Mr. Mejia admitted involvement in trafficking kilograms of cocaine to New York for a period of years, and his conduct was serious enough to warrant an aggregate term of 121 months' imprisonment and five years' supervised release.  Despite Mr. Mejia's positive developments since his release, the Court believes that the offense conduct is too serious to warrant early termination.  What is more, the Court shares the concern expressed by the Government and the Probation Office that Mr. Mejia's plans to work in interstate trucking ought to be viewed as a cause for continued supervision, given the specifics of his offenses of conviction.  (Dkt. #46 at 4).

Finally, there is no reason to conclude that the conditions of Mr. Mejia's supervised release have imposed unusual burdens on him or otherwise interfered with his ability to adjust to society.  Mr. Mejia suggests that "the burden of supervised release becomes an issue of inhibiting his income and career advancement" (Dkt. #43 at 4), and claims that obtaining permission to travel outside the District takes "approximately '45 days'" to obtain (*id.*). However, the Probation Office notes that Mr. Mejia is current on its low-intensity docket, which requires periodic online reporting that is far from onerous, while providing access to numerous programs to aid Mr. Mejia's reentry into law-abiding society.  (Dkt. #46 at 5).  And to the extent that Mr.

Mejia's employment situation actually changes to require quicker turnaround times on requests to travel outside of the District, he would be free to seek a modification of his supervised release conditions.

## CONCLUSION

For the reasons set forth above, the Court does not believe that early termination is warranted at this time, and denies Mr. Mejia's motion for same. The Clerk of Court is directed to docket this Order in Case Nos. 13 Cr. 617 and 24 Cr. 52, and to terminate the motion pending at docket entry 43 of Case No. 13 Cr. 617.  The Clerk of Court is further directed to mail a copy of this Order to Mr. Mejia at the following address:

> Luis Rodolfo Mejia
> 2727 Henry Hudson Parkway, Apt. 306
> Bronx, New York 10463

SO ORDERED.

Dated:   December 30, 2025
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

7